CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Denise Kish**, <br><br> Plaintiff, <br><br> v. <br><br> **Quality Development Co., Inc.,** a California Corporation; **Sergio A. De Gioia**; **Marisa Furno**; and Does 1-10, <br><br> Defendants. | **Case No**. <br><br> **Complaint For Damages And Injunctive Relief For Violations Of**: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Denise Kish complains of Defendants Quality Development Co., Inc., a California Corporation; Sergio A. De Gioia; Marisa Furno; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. She suffers from multiple sclerosis and uses a wheelchair for mobility.

2. Defendant Quality Development Co., Inc. owned the real property located at or about 9755 Arrow Rte., Rancho Cucamonga, California, in

1

Complaint

September 2017.

3. Defendant Quality Development Co., Inc. owns the real property located at or about 9755 Arrow Rte., Rancho Cucamonga, California, currently.

4. Defendants Sergio A. De Gioia and Marisa Furno owned the Guido's Pizza located at or about 9755 Arrow Rte., Rancho Cucamonga, California, in September 2017.

5. Defendants Sergio A. De Gioia and Marisa Furno own the Guido's Pizza located at or about 9755 Arrow Rte., Rancho Cucamonga, California, currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights

Complaint

Act, which act expressly incorporates the Americans with Disabilities Act.

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. The Plaintiff went to Guido's Pizza in September 2017 to eat.

11. Guido's Pizza is a facility open to the public, a place of public accommodation, and a business establishment.

12. Parking spaces are one of the facilities, privileges and advantages offered by Defendants to patrons of Guido's Pizza.

13. During plaintiff's visit, there were not enough accessible parking spaces in the parking lot serving Guido's Pizza.

14. In fact, of the 58 parking spaces in the parking lot, only one of them is reserved and marked for persons with disabilities. However, a minimum of three parking spaces marked and reserved for persons with disabilities is required.

15. During her visit, plaintiff was unable to find an available accessible space. Plaintiff was forced to use two non-disabled parking spaces so that she could deploy from her vehicle.

16. On information and belief, plaintiff alleges that the defendants previously had more accessible parking available to the public. Unfortunately, the parking spaces either faded beyond recognition or were paved over.

17. The defendants have no policy or plan to ensure that parking spaces marked and reserved for persons with disabilities remain useable.

18. Defendants have failed to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities at the Subject Property.

Complaint

19. Paths of travel are one of the facilities, privileges and advantages offered by Defendants to patrons of Guido's Pizza.

20. The only parking space marked and reserved for persons with disabilities is located across the parking lot. Plaintiff would be forced to travel with cars in the vehicular drive path to get where Guido's Pizza is located. This is unsafe for plaintiff.

21. Additionally, the only curb cut provided in front of the parking space marked and reserved for persons with disabilities is located in front of a parking stall, which renders it useless if a vehicle is parked in the parking space.

22. Plaintiff personally encountered these barriers.

23. These inaccessible conditions denied the plaintiff full and equal access and caused her difficulty, discomfort, and embarrassment.

24. Transaction counters are one of the facilities, privileges and advantages offered by Defendants to patrons of Guido's Pizza.

25. Meanwhile, and even though the plaintiff did not confront the barrier (because plaintiff was unable to get from the parking spaces to Guido's Pizza safely), the transaction counter is 40 inches in height. There is no lowered, 36 inch portion of counter for use by persons in wheelchairs.

26. Plaintiff plans to return and patronize Guido's Pizza but will be deterred from visiting until the defendants remove the barriers.

27. The Defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

28. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of

4

Complaint

access if complete removal were not achievable.

29. Plaintiff is and has been deterred from returning and patronizing Guido's Pizza because of her knowledge of the barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize Guido's Pizza as a customer once the barriers are removed.

30. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to her disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once she conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to her disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, she can sue to have all barriers that relate to his disability removed regardless of whether she personally encountered them).

31. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42  U.S.C. section 12101, et seq.)

32. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this

Complaint

complaint.

33. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

   c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

34. Any business that provides parking spaces must provide a sufficient number of handicap parking spaces. 1991 Standards § 4.1.2(5). 2010 Standards § 208. According to the 1991 Standards, if a parking lot has 58 spaces, it must have 3 accessible parking spaces. 1991 Standards § 4.1.2(5)(a).

6

Complaint

Under the 2010 Standards, a parking lot with 58 spaces must have 3 accessible spaces. 2010 Standards § 208.2 and 1 of them must be van accessible. Id. at 208.2.4.

35. Here, there was an insufficient number of parking spaces marked and reserved for persons with disabilities.

36. Under the ADA, there must be an accessible route within the boundary of the site from the accessible parking to the accessible building entrance they serve. 1991 Standards § 4.3.2(1); 2010 Standards § 206.2.The accessible route shall, to the maximum extent feasible, coincide with the route for the general public. *Id.* The accessible route must be at least 36 inches in width except at doors. 1991 Standards § 4.3.3; 2010 Standards § 403.5.1.

37. Here, the failure to provide an accessible path of travel from the handicap parking space to the entrance is a violation of the law.

38. In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

39. Here, no such accessible transaction counter has been provided in violation of the ADA.

40. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

41. Here, the failure to ensure that the accessible facilities were available

7

Complaint

and ready to be used by the plaintiff is a violation of the law.

42. Given its location and options, plaintiff will continue to desire to patronize Guido's Pizza but she has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

43. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code §51(b).

44. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f); Arnold v. United Artists Theatre Circuit, Inc., 866 F.Supp. 433, 439 (N.D.Cal.1994).

45. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

46. Defendants' acts and omissions, as herein alleged, have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's right to equal access arising from the provisions of the ADA (see Plaintiff's First Cause of Action).

Complaint

47. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: April 10, 2018            CENTER FOR DISABILITY ACCESS

By: _____

Chris Carson, Esq.
Attorney for plaintiff

9

Complaint